# United States District Court
# Northern District of Indiana

| | |
|---|---|
| JASON GROTHJAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:17-CV-083 JVB |
| vs. | ) |
| | ) |
| CORIZON MEDICAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Jason Grothjan, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In deciding whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Grothjan claims that he has received inadequate mental health care by various

unnamed medical providers since his arrival into the Indiana Department of Correction ("IDOC") in June 2015. Grothjan states that he was diagnosed as having Paranoid Schizophrenia, Bipolar Disorder, Insomnia and a panic disorder in 1997 and has been treated for those conditions until he arrived into the IDOC. Grothjan claims to have informed healthcare providers of his medical problems and needs, but those needs went unmet.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment does not entitle an inmate to a specific form of treatment, prison medical staff cannot simply continue with a course of treatment that is known

to be ineffective. *Greeno*, 414 F.3d at 654-55. Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Here, Grothjan sues only Corizon Medical Services ("Corizon"), the private company that employs the medical staff at the IDOC. As a general matter a private company may be held liable for constitutional violations when it performs a state function, *see West v. Atkins*, 487 U.S. 42 (1988), but there is no general supervisory liability under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Thus, Corizon cannot be held liable simply because it employs the medical staff who provided care to Grothjan. A private company performing a state function can also be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at prison). However, Grothjan does not include any allegations from which it can be plausibly inferred that Corizon had an unconstitutional practice or policy that caused his injury. Instead, the gist of Grothjan's claim is that medical staff failed to give proper care to him in the course of his treatment. For these reasons, the complaint fails to state a claim against Corizon.

Though the current complaint does not state a plausible claim, if given the opportunity Grothjan may be able to do so. Accordingly, he will be granted an opportunity to submit an amended complaint. *Luevano v. Wal-Mart Stores, Inc*., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013). If Grothjan believes that he has a claim against any individual health care provider, he needs to identify that defendant and explain what each defendant did (or did not) do. He needs to

explain his medical condition, what treatment he received, who provided it and when they provided it. He needs to explain what he believes was wrong and why he believes his rights have been violated. Because the current complaint does not state a claim, the court will deny the motion for a preliminary injunction and temporary restraining order (DE 9).

For these reasons, the court

(1) **DENIES** the motion for preliminary injunction (DE 9);

(2) **DIRECTS** the clerk of court to place this cause number on a blank Prisoner Complaint form and send it to Jason Grothjan;

(3) **GRANTS** Jason Grothjan to and including March 20, 2017, to file an amended complaint; and

(4) **CAUTIONS** Jason Grothjan that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED** on February 14, 2017.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division