# United States District Court
# Northern District of Indiana

| | |
|---|---|
| JASON GROTHJAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:17-CV-083 JVB |
| vs. | ) |
| | ) |
| CORIZON MEDICAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

Jason Grothjan, a *pro se* prisoner, filed an amended complaint against two doctors at the Westville Correctional Facility. ECF 14. He also moves for a temporary restraining order ("TRO") seeking to be removed from segregation and a preliminary injunction requiring the two doctors to provide him with adequate mental health treatment. ECF 23.

I.  Screening pursuant to 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In deciding whether the

complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Grothjan states that he was diagnosed as having Paranoid Schizophrenia, Bipolar Disorder, Insomnia and a panic disorder in 1997 and has been treated for those conditions until he arrived into the IDOC. After entering the IDOC, Grothjan claims to have informed Dr. Taylor and Dr. Eichman of his medical problems and needs. He also asserts that these doctors were in possession of his past medical records establishing his mental health issues and needs. Nevertheless, he complains that both doctors have ignored his mental health problems and refuse to provide him with any treatment. He is seeking both compensatory damages and injunctive relief.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even

though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment does not entitle an inmate to a specific form of treatment, prison medical staff cannot simply continue with a course of treatment that is known to be ineffective. *Greeno*, 414 F.3d at 654-55. Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Here, Grothjan sues both Dr. Taylor and Dr. Eichman. Grothjan alleges that these doctors are aware of his mental health condition, but nevertheless refuse to provide him with any mental health treatment. In addition, Grothjan alleges that these doctors refuse to provide him with the prescription medications he received prior to being incarcerated. On these facts, Grothjan may demonstrate that both doctors are deliberately different to his serious medical needs. Although further factual development may show that the doctors were justified in their actions, it is too early to tell at this point. Giving him the inferences to which he is entitled at the pleading stage, Grothjan has alleged enough to proceed on an Eighth Amendment claim against Dr. Taylor and Dr. Eichman.

II.     Preliminary Injunctions

Grothjan is also asking for a TRO to be removed from segregation and preliminary

injunction to receive adequate mental health care. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). Obtaining a TRO requires the movant to satisfy an even higher standard, by showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A).

Upon review, Grothjan does not satisfy the standard for obtaining a TRO to be transferred out of segregation.

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). The request made by Grothjan to be removed from segregation goes well beyond what the PLRA permits. Moreover, it is not plausible to conclude that either medical defendant has the authority to remove Grothjan from segregation.

His request for preliminary injunction requesting mental health treatment is another matter. Grothjan alleges that Dr. Taylor and Dr. Eichman refuse to treat his mental illness.

4

According to Grothjan, they refuse to see him, refuse to treat him and refuse to give him his prescribed medications. Despite these allegations, it is not entirely clear what treatment, if any, Grothjan is getting (or being denied) at the Westville Correctional Facility. Therefore injunctive relief will be narrowly tailored to require the defendants to promptly provide additional information and respond to Grothjan's allegations. The court needs to know about Grothjan's current mental condition. The court also needs to know what mental treatment Grothjan has received from June 16, 2016 to date. This information needs to be provided as a narrative summary in an affidavit (or declaration). The court does not need medical records at this time. The summary needs to include specific information about each diagnosis that was made, treatment prescribed, and treatment delivered. Additionally, these affiants (or declarants) may include any additional, relevant information necessary for the court to consider.

For these reasons, the court:

(1) **GRANTS** Jason Grothjan leave to proceed against Dr. Taylor and Dr. Eichman in their individual capacities for compensatory and punitive damages for denying him adequate mental health treatment in violation of the Eighth Amendment;

(2) **GRANTS** Jason Grothjan leave to proceed against Dr. Taylor and Dr. Eichman in their official capacities for injunctive relief to obtain adequate mental health treatment;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk and the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to issue and serve process, along with a copy of the amended complaint (ECF 14), the motion and memorandum (ECF 23, 24), and this order, on Dr. Taylor and Dr. Eichman;

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Taylor and Dr. Eichman

respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(6) **GRANTS** the motion (DE 23) only to the extent that Dr. Taylor and Dr. Eichman are **ORDERED** to file and serve the affidavits (or declarations) described in this order by May 8, 2017.

**SO ORDERED** on April 11, 2017.

                                                     s/ Joseph S. Van Bokkelen
                                                    Joseph S. Van Bokkelen
                                                    United States District Judge
                                                    Hammond Division